# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

MARILYN JACOBS,                          :
    Plaintiff,                          :
                                         :
                                         :          From Suffolk Superior Court
Vs.                                      :          C.A. No. 2084CV00036
                                         :
                                         :
THE CHEESECAKE FACTORY                   :
RESTAURANTS, INC.,                       :
    Defendant.                          :

## THE CHEESECAKE FACTORY RESTAURANTS, INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332 and 1441 *et seq.*, the Defendant, The Cheesecake Factory Restaurants, Inc. (hereinafter, "TCF" or the "Defendant"), by and through undersigned counsel, hereby gives notice of removal of this action to the United States District Court for the District of Massachusetts.

### Background Facts

1.   This is a negligence action in which the Plaintiff, Marilyn Jacobs, alleges that she was injured on or about January 12, 2017, when she was allegedly caused to slip and fall while a patron at the Defendant's restaurant.   *See* Plaintiff's Complaint, at ¶¶ 4-8 ("Complaint"), attached hereto as **Exhibit A**.

2.   By the Complaint, filed January 6, 2020, the Plaintiff initiated this civil action entitled <u>Marilyn Jacobs v. The Cheesecake Factory Restaurants, Inc.</u>, Civil Action No. 2084CV00036, in the Superior Court for the Commonwealth of Massachusetts, Suffolk County ("the Action").   *See* Docket Report, attached hereto as **Exhibit B**.

3.   TCF received service of the Summons and Complaint, through its registered agent, on January 27, 2020.   *See* Notice of Service of Process, attached hereto as **Exhibit C**.

4.  This Notice of Removal is, therefore, timely because it is made within thirty (30) days of the first-served defendant having received the Complaint.  *See* **Exhibits A – C**; 28 U.S.C. § 1446(b).

**Diversity Removal**

5.  Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, . . . and is between – (1) citizens of different States . . . ."

6.  An action commenced in state court, of which a district court's original jurisdiction is based on diversity, "shall be removable only if none of the parties in the interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

7.  Complete diversity of citizenship exists between the parties at the time of filing of the Complaint, at the time of removal, and at all intervening times.

8.  The Plaintiff, Marilyn Jacobs, was, at the time of the commencement of this action, and is now, a resident and citizen of the Commonwealth of Massachusetts and of no other state.  *See* **Exhibit A**, at ¶ 1.

9.  The Defendant, TCF, was, at the time of the commencement of this action, and is now, a California corporation with its principal place of business in the State of California.  *See* **Exhibit A**, at ¶ 2.

10. This Court has original jurisdiction over this action under the provisions of 28 U.S.C. § 1332, in that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states for diversity purposes. The above-captioned action may, therefore, be removed pursuant to 28 U.S.C. § 1441(b).

11. With respect to removal based upon diversity jurisdiction, TCF represents as follows:

    a.   The parties to this action are citizens of different states, and were citizens of different states at the time suit was initiated;

    b.   This is a civil action in which the Plaintiff alleges that she sustained "serious personal injuries" while a patron at the Defendant's restaurant, as a result of the alleged negligence of the Defendant. ;

    c.   The Plaintiff commenced this action seeking monetary damages and alleged that "[a]s a direct and proximate result of [TCF's] negligence, the [P]laintiff, Marilyn Jacobs, suffered serious personal injuries, [and] incurred expenses for medical treatment . . . ." *See* **Exhibit A**, at ¶ 8.

    d.   Although the Plaintiff's Complaint does not specify the exact amount in controversy, the Plaintiff's Civil Action Cover Sheet accompanying her Summons and Complaint identify to-date medical expenses in the amount of $105,993.66, and further indicate that lost wages and compensation "will [be] supplement[ed]." *See* Superior Court Civil Action Cover Sheet, attached hereto as **Exhibit D**.

12. Accordingly, the requirements of 28 U.S.C. § 1332(a)(1) are satisfied and the Court would have original subject matter jurisdiction over this action if it had originally been filed brought in this Court. Removal is, therefore, proper under 28 U.S.C. § 1441(b).

### Conclusion

13. This Court has original jurisdiction over this case under 28 U.S.C. § 1332(a)(1) because the Plaintiff's claims present a controversy between parties of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. Accordingly, this case is removable under 28 U.S.C. 1441(a) and (b).

14. TCF reserves the right to file additional support for this Notice of Removal by way of affidavits, deposition testimony, expert testimony, discovery responses, supplemental memoranda, and legal argument.

15. No other process, pleadings, or orders have been served upon TCF in this action.[1]  See U.S.C. § 1446(a).  As required by 28 U.S.C. §1446(a) and Rule 81.1 of the Local Rules of this Court, certified or attested copies of all records, proceedings, and docket entries in state court will be filed with this Court within twenty-eight (28) days of this Notice of Removal.

16. Pursuant to 28 U.S.C. § 1446(d), TCF will promptly give written notice hereof to the Plaintiff, through her counsel, and file a copy of this Notice of Removal with the Superior Court for the Commonwealth of Massachusetts, Suffolk County, notifying that court of tis removal.  A copy of the state court notice to be filed (without exhibit) is attached hereto as **Exhibit E.**

WHEREFORE, the Defendant, The Cheesecake Factory Restaurants, Inc., having provided notice as required by law, now removes the above-captioned action from the Superior Court for the Commonwealth of Massachusetts, Suffolk County, to the United States District Court for the District of Massachusetts.

---

[1] However, the Defendant does note that the Plaintiff served her first sets of Interrogatories and Requests for Production of Documents with her Complaint.  Those written discovery requests will be provided to the Court at the Court's request.

Respectfully Submitted,
The Defendant,
The Cheesecake Factory Restaurants, Inc.,
By its Attorney,

*/s/Robert M. Stanton, Jr.*

Robert M. Stanton, Jr. Esq. (BBO# 690734)
Bonner Kiernan Trebach & Crociata, LLP
40 Court Street, 3rd Floor
Boston, MA 02108
T – (617) 426-3900
F – (617) 426-0380
rstanton@bonnerkiernan.com

## CERTIFICATE OF SERVICE

I, Robert M. Stanton, Jr., hereby certify that, on this 10th day of February, 2020, the foregoing Notice of Removal was electronically filed with the Clerk of the Court using the *CM/ECF* system and that paper copies will be sent by first-class mail to the following non-registered *CM/ECF* participants on this date:

*Counsel for the Plaintiff:*
Glenn Fortier
Law Offices of Donald E. Green, P.C.
2235 Washington Street
Roxbury, MA 02119

/s/Robert M. Stanton, Jr.
_____
Robert M. Stanton, Jr., Esq.